**UNITED STATES of America,**
**Complainant,**

v.

**MISCELLANEOUS FIREARMS, AMMUNITION AND EXPLOSIVES.**

**No. 71-C-668.**

United States District Court,
E. D. Wisconsin.

June 26, 1973.

**554**

Robert J. Lerner, Milwaukee, Wis., for plaintiffs.

David J. Cannon, U. S. Atty. by Steven Underwood, Milwaukee, Wis., for complainant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The United States has moved for an order vacating that portion of the court's conclusions of law entered on December 22, 1972, which provided that "the claimant is entitled to the . . . fair market value for any and all items which had been destroyed by the internal revenue service or its various agents." The government urges that this court is devoid of jurisdiction over the subject matter of property which is not actually in the custody of the court.

After an evidentiary hearing in this case on December 22, 1972, I concluded that the seizure of miscellaneous firearms belonging to Mr. Unger by government agents on December 23, 1970, was unlawful. The United States urges that certain items (Nos. 28 through 68) "were not seized by the United States marshals since they were not available for seizure." This contention stems from the government's stand that those items (Nos. 28 through 68) were not in the "actual or constructive possession" of the United States since they had been destroyed on December 30, 1970 "because of the potential storage hazard."

I find the government's position untenable. The items in question were, in fact, seized by government agents; such items were, in fact, destroyed by the government agents on December 30, 1970. To suggest that this prevented their being in the "actual or constructive possession" of the United States and

"not available for seizure" is at best hypertechnical and at worst specious.

The government's seizure of the 41 items in question on December 23, 1970, and their subsequent destruction by the government's agents on December 30, 1970, should, in fairness, subject the United States to responsibility for the fair value of such items in view of the illegality of the seizure. Had the United States, in lieu of its ex parte decision to destroy the goods, complied with 26 U.S.C. § 7324, it would have been possible for Mr. Unger to have posted a bond to protect his interest. However, the government does not contend that it complied with the provisions of § 7322.

In my judgment, it would be highly inequitable to deny recompense to Mr. Unger for the illegally seized goods which were destroyed by the United States.

Therefore, It is ordered that the defendants' motion to vacate a portion of paragraph 4 of the court's conclusions of law entered on December 22, 1972 be and hereby is denied.